**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 7, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30636
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALVIN W. PENNYWELL, JR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50124-1

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Calvin W. Pennywell, Jr., entered a conditional guilty plea to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possession of firearms in relation to drug trafficking, in violation of 18 U.S.C. § 924(c)(1). He now appeals the district court's denial of his suppression motion. He argues that the district court erroneously determined that he voluntarily consented to entry by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

police into his residence, where they subsequently found firearms, cash, and drugs.

Voluntary consent to a search is an exception to the general rule that warrantless searches are <u>per</u> <u>se</u> invalid. <u>See</u> <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 219 (1973). The Government has the burden of proving by a preponderance of the evidence that consent was given freely and voluntarily. <u>Id.</u> at 222. Such a finding of fact is reviewed for clear error. <u>United States v. Tompkins</u>, 130 F.3d 117, 121 (5th Cir. 1997). "Voluntarily" means not coerced by threat or force and not granted only in submission to a claim of lawful authority. <u>Schneckloth</u>, 412 U.S. at 233.

Two police officers testified that Pennywell consented to a request to enter and look around when officers knocked on his door in response to a complaint about narcotics activity and weapons at the residence. Pennywell testified that he responded negatively when police asked if they could enter. We conclude that the district court's finding of voluntary consent was not clearly erroneous. <u>See</u> <u>Tompkins</u>, 130 F.3d at 121; <u>see also</u> <u>United States v. Garza</u>, 118 F.3d 278, 283 (5th Cir. 1997).

**AFFIRMED.**

2